**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JAMES ODIS DOUGLAS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:09-CV-607-Y** |
| | § | |
| **DEE ANDERSON, Sheriff,** | § | |
| **Tarrant County, Texas,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

*A.  Nature of the Case*

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2241.

*B.  Parties*

Petitioner James Odis Douglas, Prisoner I.D. No. 0200741, was a pretrial detainee confined

in the Tarrant County jail pending criminal charges in state court when this petition was filed.  Since

that time, Douglas has been released from confinement, and his whereabouts are unknown.

Respondent Dee Anderson, is the Sheriff of Tarrant County.

*C.  Issue*

Douglas claims he was denied his right to an examining trial and a speedy trial, his trial

counsel failed to file a motion for an examining trial, and he was maliciously prosecuted.  (Petition at 5-6)

*D.  Legal Analysis*

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied.  First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v.  Louisiana*, 816 F.2d 220, 224 (5ᵗʰ Cir. 1987).  Second, the petitioner must have exhausted his available state remedies.  *Dickerson*, 816 F.2d at 224.  On November 16, 2009, Douglas pled guilty to a lesser offense and was sentenced to one year's confinement in the Tarrant County jail.  (Resp't Answer at 2)  On December 2, 2009, the trial court ordered that Douglas be released for time served.  (*Id.* at 3)

Because Douglas has been released from state custody, this Court can no longer provide him with habeas relief under § 2241.  *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5ᵗʰ Cir. 1987). Douglas has not demonstrated that he is suffering any current collateral consequences stemming from the state criminal prosecution or that he will suffer any collateral consequences in the future. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).  Dismissal of this petition is therefore appropriate as moot based upon Douglas's release.  *See Lane v. Williams*, 455 U.S. 624, 632 (1982); *McRae v. Hogan*, 576 F.2d 615, 616-17 (5ᵗʰ Cir. 1978).

## II.  RECOMMENDATION

It is therefore recommended that Douglas's petition for writ of habeas corpus be dismissed with prejudice as moot.

## II.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 17, 2010.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February 17, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the

United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 27, 2010.


_____/s/   Charles Bleil_____

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE